UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14389-ROSENBERG/LYNCH

ANTHONY LYNN HESTER,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
    _____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Complaint with Prejudice [DE 9] filed October 19, 2016. The Court has carefully reviewed Defendant's Motion, Plaintiff's Response thereto [DE 15], and Defendant's Reply [DE 16], and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is GRANTED to the extent that Plaintiff's Complaint [DE 1] is DISMISSED WITHOUT PREJUDICE.

Plaintiff filed his Complaint on September 9, 2016 claiming that Defendant violated the CFPB and FDCPA by allegedly applying funds to Plaintiff's loan account however it chooses. DE 1 at 6. Plaintiff is seeking $45,000 in actual damages, $300,000 in punitive damages, and a permanent injunction against Defendant regarding Plaintiff's future payments on this mortgage loan which would allow Plaintiff future damage should Plaintiff's payments not be properly applied by Defendant. *Id.* at 6-7. Defendant argues that Plaintiff's Complaint should be dismissed with prejudice because (1) Plaintiff fails to state a cause of action under the Dodd-Frank Act, CFPB or FDCPA and (2) Plaintiff has not pled facts necessary to find an injunction is

warranted, nor has Plaintiff pointed to a statutory or regulatory provision allowing for a preliminary injunction.

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Martinez*, 480 F.3d at 1066.

Under this standard, Plaintiff's Complaint must be dismissed. First, Plaintiff states that he is entitled to relief pursuant to the Dodd-Frank Act, the Rules of the CFPB and the FDCPA, yet Plaintiff cites to no provisions of these regulations or statutes on which he bases his claim. Plaintiff appears to assert that Defendant has committed some violation by not applying payments to his loan account in the way he wants them applied, but his Complaint contains only conclusory allegations that Defendant violated the Dodd-Frank Act, the Rules of the CFPB and the FDCPA. Next, Plaintiff has not articulated any facts that would support the granting of an injunction, nor has he pled the necessary elements required for finding that a permanent injunction is warranted. Accordingly, Plaintiff has failed to state a claim to relief that is plausible on its face.

It is true that *pro se* litigants are not subject to the same pleading standards as attorneys. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."). Even under this relaxed standard, however, Plaintiff's Complaint is deficient.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 9] is **GRANTED** to the extent that Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended complaint in this action by no later than **Friday, December 30, 2016**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 12th day of December, 2016.

                                                                                                ROBIN L. ROSENBERG
Copies furnished to:                                                UNITED STATES DISTRICT JUDGE
Counsel of record
Anthony Lynn Hester